# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE WALKINS,<br>      Petitioner,<br><br>v.<br><br>DEBRA K. SAUERS, Superintendent,<br>SCI Forest; the DISTRICT ATTORNEY<br>OF ALLEGHENY COUNTY; and,<br>the COMMONWEALTH OF<br>PENNSYLVANIA,<br>      Respondents. | Civil Action No. 11-72 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by Terrance Walkins (a/k/a Terrance Walker). ECF No. 2. Walkins is currently serving a judgment of sentence imposed by the Allegheny County Court of Common Pleas on July 15, 2009. When he is released from that state sentence (likely on parole, but possibly when he reaches his maximum sentence date), it will be to a federal detainer.

Walkins was informed when he entered his plea agreement with the Commonwealth that his state sentence would run concurrent with his federal sentence. Because, at least at the present time, he apparently is not receiving federal sentencing credit for the time he has served on his state sentence, Walkins argues that his state guilty plea should be voided because it was unknowing and was unlawfully induced upon the assurance that his state and federal sentences would run concurrently. He seeks an order from this Court directing his present custodian, the Superintendent at the State Correctional Institution Forest, to immediately release him from his state judgment of sentence. For the reasons set

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

forth below, Walkins' petition is dismissed without prejudice for failure to exhaust his state court remedies and a certificate of appealability is denied.

**I.**

**A.     Relevant Statutes and Policies**

In order to understand what appears to have occurred regarding the manner in which Walkins' state and federal sentences have been carried out thus far, it is necessary to explain the way the Federal Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96, executes a federal sentence. The following statutes are relevant: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; and, 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

---

[2]     BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, the policies are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984). Blood v. Bledsoe, 648 F.3d 203, 208 n.7 (3d Cir. 2011). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Id. at 207-08.

2

### 1. The determination of whether a federal sentence is concurrent with or consecutive to a state sentence

18 U.S.C. § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*[3]

(Emphasis added).

The BOP presumes that federal and state sentences are to be served consecutively unless the *federal sentencing court* orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. I, at pp. 31-33; PS 5160.05 at pp. 2-7. As will be discussed below, in this case, the federal sentencing court (the U.S. District Court for the Northern District of West Virginia) did not order (and could not have ordered) that Walkins' federal sentence was to be served concurrent with any yet-to-be imposed state sentence. Therefore, although the state court (the Court of Common Pleas of Allegheny County) subsequently directed that the state sentence was to be served concurrently with the federal sentence, the BOP will not automatically consider the sentences to be concurrent because the *federal sentencing court* did not so order.

Importantly, however, as the U.S. Court of Appeals for the Third Circuit acknowledged in Barden v. Keohane, 921 F.2d 476, 482-83 (3d Cir. 1990), the BOP has the authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal

---

[3] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. I, at p. 32A. This Court notes that there is a split of opinion among the courts of appeals as to whether a federal district court may order a sentence to run consecutively to a sentence a state court has not yet imposed. United States v. Setser, 607 F.3d 128, 130 n.1 (5th Cir. 2010) (collecting cases). In the Fourth Circuit, where Walkins' federal sentence was imposed, the U.S. Court of Appeals for the Fourth Circuit has held that § 3584(a) *does not* authorize federal district courts to order a sentence to be served consecutively to a not-yet-imposed sentence. United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006).

3

sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05 at pp. 5-7. For example, the BOP recognizes that the following might occur: the state had primary custody (which is explained below) over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence. Barden, 921 F.2d at 478-83; PS 5160.05 at pp. 5-7. When this occurs, the inmate will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the detention facility where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Id. at 478-83; PS 5160.05 at pp. 5-7.

Although the BOP must consider the inmate's request for concurrent service of sentences, *it is not obligated to grant the request*. Barden, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05 at p. 6 ("there is no obligation under Barden for the [BOP] to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). In making its determination, the BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05 at pp. 5-7. BOP policy further instructs:

> In making the determination, if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the [Regional Inmate Systems Administrator] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.

4

PS 5160.05 at p. 6.

## 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences, and it provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

A federal sentence cannot commence earlier than the date on which it was imposed. PS 5880.28, Chapt. I, at p. 13; United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983).[4]

When an inmate is only facing service of a federal sentence, the application of 18 U.S.C. § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. I, at p. 12. Oftentimes, however (and as was the case here), an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is subject or will be subject to a state

---

[4] Prior custody credit (pre-sentence commencement credit) is governed by 18 U.S.C. § 3585(b), which provides:

(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

That has not been credited against another sentence.

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007). The evidence of record does not disclose whether at this point in time the BOP has calculated what, if any, federal sentencing credit Walkins will receive under § 3585(b).

5

sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. At common law, the "primary custody" doctrine (sometimes referred to as "primary jurisdiction" doctrine) developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. The doctrine was recognized by the U.S. Supreme Court in Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); Peterson v. Marberry, Docket No. 1:07-56, 2009 WL 55913 at *3-5 (W.D. Pa. Jan. 5, 2009).

In relevant part, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it "relinquishes its priority by, *e.g.*, bail release, dismissal of the state charges, parole release, or expiration of the sentence." Peterson, Docket No. 1:07-56, 2009 WL 55913 at *4 (citation omitted).

The BOP has incorporated the common law primary custody doctrine into its policies. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. I, at pp. 12-13.

6

If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under 18 U.S.C. § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. I, at pp. 12-13, 31-33; see also PS 5160.05 at pp. 2-12. As set forth below, it appears that this may be what has occurred and/or will occur in Walkins' case.

### B. Relevant Facts

On June 16, 2009, Walkins appeared before the U.S. District Court for the Northern District of West Virginia and pleaded guilty to violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c), Distribution of Cocaine Base. The District Court sentenced him to a term of imprisonment of 100 months. See Judgment, in United States v. Walkins, No. 1:08-cr-78-23 (N.D. W.Va.), ECF No. 2-1 at 8-9. Walkins appeared before the District Court pursuant to a writ of habeas corpus *ad prosequendum*,[5] which had been served upon the Allegheny County Jail, where Walkins was in custody. See docket for United States v. Walkins, No. 1:08-cr-78-23 (N.D. W.Va.), which is available on PACER.

On July 15, 2009, Walkins appeared before the Court of Common Pleas of Allegheny County and pleaded guilty to one count each of manufacturing, delivering or possessing with the intent to manufacture or deliver a controlled substance; simple assault; intent to possess a controlled substance by a person not registered to possess; and, defiant trespass after actual communication to vacate the premises. See Resp's Ex. 1, ECF No. 14-1 at 4. Lee Rothman, Esquire, represented Walkins.

---

[5] A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the sending sovereign unless and until the sending sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign – in this case, the federal government – is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

According to the plea agreement, in exchange for Walkins' guilty plea, the Commonwealth waived the 5-year mandatory minimum sentence that applied to his case and he was to receive a sentence of incarceration of 3-6 years, to run concurrent with his federal sentence. The Common Pleas Court imposed that sentence and expressly stated that it was to run concurrent with Walkins' federal sentence. See 7/15/09 Order of Court, ECF No. 2-1 at 15. As explained above, the BOP is charged with carrying out the federal sentence, not the state sentence, and therefore to the extent that the Common Pleas Court, the Commonwealth, or Attorney Rothman made assurances to Walkins that the BOP would calculate his federal sentence as being served concurrently with his state sentence, they had no authority to do so.

As of July 15, 2009, Walkins was subject to both a state and a federal sentence. Therefore, the DOC (which executes Walkins' state sentence) and the BOP (which executes Walkins' federal sentence) had to resolve where and in what order he would serve his sentences. Since there is no dispute that Walkins immediately began service of his state sentence in DOC custody, it appears that he was in the primary custody of the Commonwealth at the time both his federal and state sentences were imposed (in June and July of 2009, respectively).

At some point, Walkins made inquiries with the BOP about his federal sentence. Because the state court had ordered that he serve his state sentence concurrent with his federal sentence, the BOP considered, as it must under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and its own policies, whether it should exercise its discretion and grant Walkins a retroactive concurrent designation pursuant to § 3621(b). The BOP contacted the federal sentencing judge, who replied, in a letter dated December 21, 2010: "I can confirm that the Court did not intend to grant Mr. Walkins any credit towards his federal sentence for the time served in state custody. Nor do I believe that a retroactive concurrent designation is warranted in this case." 12/21/10 Letter, ECF No. 2-1 at 7.

The record before this Court does not disclose whether the BOP has made its final decision regarding whether Walkins will receive a retroactive concurrent designation pursuant to § 3621(b). The BOP is not a respondent in this action, and it may be that it has not yet calculated Walkins' federal sentence, since as of this date he has not been released to the federal detainer. In any event, the most that can ascertained from the record is that Walkins is under the impression that at the present time he is not receiving credit against his federal sentence for the time that he has been serving on his state sentence. Accordingly, he contends, his due process rights were violated during his state guilty plea proceedings and therefore he is entitled to immediate release from state custody.[6] Specifically, he raises the following grounds for relief:

Claim 1   Due Process Violation Under the Fifth and Fourteenth Amendments: State authorities failed to advise petitioner of the consequences of agreement to plead guilty to state charge in return for state sentence to run concurrent to federal sentence.

Claim 2   Due Process Violation Under the Fifth and Fourteenth Amendments: State authorities breached plea agreement and induced petitioner to enter into an unknowingly, involuntary, plea agreement that caused petitioner to believe that state sentence would run concurrent with federal sentence and by not advising petitioner that federal authorities did not have to honor state judge's sentencing order.

ECF No. 1 at 1-2.

Walkins originally commenced this action in the U.S. District Court for the Northern District of West Virginia. That court transferred the case to this Court. On July 7, 2011, the Respondents filed their Answer,[7] ECF No. 14, in which they contend, *inter alia*, that the petition should be dismissed

---

[66]   Walkins also requests that this Court order the BOP to give him credit for all time served in state custody towards the federal sentence. This Court has no authority to grant that relief in this proceeding. The BOP is not a respondent in this action. The Respondents are his state custodian and other state entities, and his claims are regarding the validity of his state guilty plea.

[7]   Walkins contends that the Court should strike the Answer for failing to respond to his allegations and for failing to submit the full state court record. The Court rejects his request. The Respondents contend, *inter alia*, that the petition should be dismissed because Walkins has not exhausted his state court remedies, and they have provided the Court with the necessary state court records to consider that issue.

9

because Walkins has not exhausted his claims in state court. See ECF No. 14 at 6. Walkins has filed a Traverse, ECF No. 17, and motions to expedite, ECF Nos. 18-19.

**C.****Discussion**

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254,[8] as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Walkins' state judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

The U.S. Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review:

> It is well settled that a voluntary and intelligent plea of guilt made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct appeal. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

---

[8] Walkins originally labeled this habeas action as being filed under 28 U.S.C. § 2241. No matter what label he places on his filing, this Court must construe it as being filed under § 2254 because he is in custody pursuant to the judgment of a state court and is challenging his state detention. See Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (July 2011) ("The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention.") citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted). In an attempt to get around the limitation his guilty plea has on his availability to receive relief on collateral review, Walkins contends that his plea was defective for the reasons set forth in his two grounds for relief.

A state prisoner must complete the exhaustion of his available state court remedies before a federal district court may determine the merits of his federal habeas corpus claims. The exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State[.]

28 U.S.C. § 2254(b)(1)(A). The statute further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its

> jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

"[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731 (citing Ex parte Royall, 117 U.S. 241; Lundy, 455 U.S. 509; Castille v. Peoples, 489 U.S. 346 (1989); and 28 U.S.C. § 2254(b)). But see Rhines v. Weber, 544 U.S. 269 (2005).[9]

A federal district court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that the habeas petitioner's claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines v. Larkin, 208 F.3d 153, 164 (3d Cir. 2000). Courts so hold because the exhaustion "requirement … refers only to remedies still available at the time of the federal petition." Gray, 518 U.S. at 161 (internal quotations and citations omitted).

Despite what Walkins thinks, a finding by this Court that exhaustion is "futile" would not be to his benefit, as that conclusion would result in the concomitant finding that the claims at issue are barred from federal habeas review under the procedural default doctrine. See, e.g., Lines, 208 F.3d at 160;

---

[9] District courts have the authority to stay and abey federal habeas cases in accordance with Rhines v. Weber, 544 U.S. 269 (2005). The practice of staying and abeying federal habeas cases is a development necessitated by the interaction of the one-year statute of limitations enacted by AEDPA, 28 U.S.C. § 2244(d)(1), and the pre-AEDPA rule set forth in Lundy that required that federal courts dismiss without prejudice habeas petitions that contain unexhausted claims. Rhines, 544 U.S. at 275 ("As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."); see also Heleva v. Brooks, 581 F.3d 187, 189-90 (3d Cir. 2009). In Rhines, the U.S. Supreme Court held that in order to avoid predicaments that may arise in attempting to comply with AEDPA's statute of limitations while at the same time exhausting claims in state court, a state prisoner may file a "protective" habeas petition in federal court and ask the district court to stay and abey the federal habeas proceeding until state remedies are exhausted. 544 U.S. at 276-78.

12

Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). That doctrine also is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 730 (1991), and it bars federal habeas review whenever the petitioner has failed to comply with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

The Respondents contend that one mechanism that Walkins could have utilized to receive review from the state court of the claims at issue here is a motion to withdraw his guilty plea as involuntary. To the extent that they suggest that because Walkins failed to file such a motion, this Court should conclude that his claims are procedurally defaulted, the Court rejects that suggestion. That is because they have failed to cite to this Court the applicable state rules that govern the filing of a motion to withdraw a guilty plea. Without more information, this Court cannot conclude that Walkins is clearly foreclosed under state law from filing such a motion. Accordingly, this Court declines to hold that exhaustion is "futile," or that Walkins' claims are, at the present time, procedurally defaulted. Instead, this Court will dismiss Walkins' claims without prejudice because they are not exhausted.

The Court also will dismiss Walkins' motions to expedite because they are now moot.

### D.     **Certificate Of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a]

certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying those standards here, jurists of reason would not find it debatable whether Walkins' claims should be dismissed without prejudice. Accordingly, a certificate of appealability should be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice and Walkins' other pending motions, ECF Nos. 18, 19, are dismissed as moot. An appropriate Order follows.

Dated: November 29, 2011

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE WALKINS,<br>    Petitioner,<br><br>v.<br><br>DEBRA K. SAUERS, Superintendent,<br>SCI Forest; the DISTRICT ATTORNEY<br>OF ALLEGHENY COUNTY; and,<br>the COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Respondents. | Civil Action No. 11-72 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 29th day of November, 2011;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. It is further ORDERED that the motions to expedite [ECF Nos. 18, 19] are DISMISSED AS MOOT. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge